IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

WAYCROSS DIVISION

JAMES T. TAYLOR, JR. and TERESA )
HUTCHESON, )
　 )
　　　　Plaintiffs, )
　 )
　　　v. )　　　　CV 516-009
　 )
PRUDENTIAL INSURANCE COMPANY )
OF AMERICA, et al., )
　 )
　　　　Defendants. )
　　　　　　　　　_____

_____

**O R D E R**

_____

　　　　Pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), Plaintiffs challenge a plan administrator's determination their decedent father never designated beneficiaries for a life insurance policy.  Before the Court is a dispute concerning whether Defendants must produce relevant documents that are not part of the administrative record.  Finding Defendants must do so, the Court **GRANTS** Plaintiffs' motion to compel (doc. no. 53), **DENIES** Plaintiffs' request for attorney fees, and **ORDERS** Defendants to produce all disputed documents by October 11, 2016, and by the same deadline file under seal for *in camera* inspection all documents on their privilege log.

## I.　BACKGROUND

　　　　Plaintiffs are the only biological children of James T. Taylor, Sr., a retired employee of Defendant Sears Roebuck and Co. who died on September 25, 2013.  (Doc. no. 13, Am. Compl. ¶¶ 1, 15; doc. no. 27, Answer ¶¶ 1, 15.)  The Decedent had a universal term life

insurance policy with a value of $180,000 and a basic term life insurance policy with a value of $6,380. (Id. ¶ 22.) Defendant The Prudential Insurance Company of America ("Prudential") issued both policies through an Employee Welfare Benefit Plan ("Plan") sponsored and administered by Sears Holding Corporation ("Sears") for retired employees of Sears Roebuck and Co. (Id. ¶¶ 15-20.) Prudential provided administrative services on behalf of Sears and made decisions regarding Plaintiffs' claims for Plan benefits. (Id. ¶ 26.)

Prudential determined the decedent designated Plaintiffs as the only beneficiaries of the basic policy and split between Plaintiffs the payout of $6,380. In contrast, Prudential determined the decedent failed to designate any beneficiaries of the universal policy and divided equally the payout of $180,000 among the four surviving children, i.e. Plaintiffs and two step-children. (Id.) Plaintiffs allege the decedent designated them as the only beneficiaries of both policies, and Prudential erred by including the step-children in the universal policy payout. (Id. ¶ 54-55.) Plaintiffs proffer three letters confirming their designation as the only beneficiaries, issued to the decedent by Prudential in December 2010 and July 2013. (Doc. nos. 17-1, 17-2, 17-3.) Defendants allege these confirmations apply to the basic policy only. (Am. Compl. ¶ 28; Answer ¶ 28.)

Defendants produced the administrative records for both policies, meaning every document considered by Prudential when determining beneficiaries. Plaintiffs seek documents outside the administrative record within the following categories: (1) correspondence between the decedent and Defendants, excluding premium payment correspondence; (2) documents concerning what prompted Prudential to issue the three beneficiary confirmations or clarifying to which policies they apply; (3) beneficiary forms completed by the decedent and correspondence concerning his purported failure to designate

beneficiaries; and (4) documents concerning the affirmative defenses that Plaintiffs failed to exhaust administrative remedies and failed to meet their Plan obligations.  (Doc. no. 53-2, RFP Nos. 2, 4, 5, 6, 9, 10, 11.)  Contending judicial review is limited to the administrative record, Defendants claim a right to withhold all documents not considered by Prudential.

## II.  DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  Were Rule 26(b) the sole consideration, there would likely be no dispute since the discovery requests are relevant and there is no suggestion of excessive volume, expense, or burden.  However, in ERISA cases, "the scope of discovery is dictated by the applicable standard of review:  under the *de novo* standard, the Court may examine facts not before the administrator, but under the arbitrary and capricious standard, the Court may only consider the 'facts known to the administrator at the time the decision was made.'"  Gallo v. Prudential Ins. Co. of Am., No. 6:14-CV-556-Orl-37DAB, 2015 WL 2127741, at *1 (11th Cir. May 6, 2015) (quoting Kirwan v. Marriott Corp., 10 F.3d 784, 789 (11th Cir. 1994)).  Accordingly, a court reviewing a plan administrator's determination under the Williams six-part test is limited to the administrative record unless it determines *de novo* review is appropriate.  Blakenship v. Metropolitan Life Ins. Co., 644 F.3d 1350, 1355 (11th Cir. 2011).

Even when the arbitrary and capricious standard limits review to the administrative record, courts consider whether the record was complete and remand for a new determination if incomplete.  See, e.g., Jett v. Blue Cross and Blue Shield of Alabama, Inc., 890 F.2d 1137, 1140 (11th Cir. 1989) (explaining remand option).  For example, in Melech v. Life Ins. Co. of N. Am., 739 F.3d 663 (11th Cir. 2014), the defendant plan administrator "LINA" failed to

consider the Social Security disability file of a plaintiff seeking disability benefits under an ERISA plan.  Id. at 668-72.  The Eleventh Circuit remanded, explaining the importance of a complete record and the remand option as follows:

> As a matter of common sense, we cannot evaluate LINA's ultimate decision to deny Melech's claim without first considering whether the record LINA had before it was complete.  This inquiry is not as much a Williams "step zero" as it is a predicate to our ability to review the substantive decision we have been asked to review.  Thus, before deciding whether LINA was correct when it denied Melech's claim for benefits under the Policy, we must first determine whether LINA should have considered the information contained in her SSA file.

Id. at 673 (internal citations omitted).

Similarly, in Carey v. Bellsouth Short Term Disability Plan, No. 1:06-CV-2589, 2008 WL 178714 (N.D. Ga. Jan. 17, 2008), the court considered a denial of disability benefits by a plan administrator that failed to consult with three treating physicians.  Because "[r]emand is a proper remedy where further factual determinations are required to determine a plan participant's entitlement to benefits," the court remanded for the administrator to "reevaluate [Plaintiff's] claims based on an adequate factual record."  Id.  at *12.

Here, the Court need not determine the standard of review at this early stage of the litigation because discovery of the disputed documents is necessary regardless so that Plaintiffs may determine the adequacy of the administrative record and strength of any argument for remand.   Indeed, by withholding responsive documents outside the administrative record, Defendants concede by implication that Prudential failed to consider documents within the following critical categories:  (1) correspondence between the decedent and Defendants; (2) documents concerning why Prudential issued three confirmations of beneficiary designations to the decedent, and documents explaining to which policies these

confirmations apply; and (3) beneficiary designation and change forms completed by the decedent, and correspondence or notices to the decedent concerning his purported failure to designate beneficiaries. (Doc. no. 53-2, RFP Nos. 2, 9, 10, 11.)

Under Defendants' reasoning, if the decedent completed a form designating Plaintiffs as the only beneficiaries of the universal policy, Defendants need not produce that form so long as Prudential recklessly failed to find and consider it when determining beneficiaries of that same policy. The argument runs counter to common sense, fundamental notions of due process and fairness, and an administrator's duty to compile a complete record before making plan determinations. As explained by the court in Larson v. Minnesota Chamber Business Services, Inc. Employee Welfare Plan, 114 F. Supp. 2d 867, 870 (D. Minn. 2000), "[i]n order to avoid such unfair results, we are adopting the method used by courts in reviewing Social Security benefits cases . . . . If discovery is necessary and appropriate to establish that the plan administrator did not properly develop the record, such discovery will be allowed." Id. at 870. For these reasons, the unique facts of this case require production of all documents responsive to document requests 2, 9, 10, and 11.

The only other requests at issue seek documents concerning the affirmative defenses that Plaintiffs failed to exhaust their administrative remedies and failed to meet their Plan obligations. (Doc. no. 53-2, RFP Request Nos. 4, 5, 6.) Production is warranted because these documents do not concern the propriety of the administrator's decision and the Court's review of the same, but instead defenses as to why Plaintiffs are allegedly not entitled to judicial review. The issue may be moot, however, based on Defendants' representation they produced all responsive documents. (Doc. no. 54, p. 12.)

A party prevailing on a motion to compel may not recover fees and costs when nondisclosure was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A). A party is substantially justified when "reasonable people could differ as to the appropriateness of the contested action." Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997). Defendants were substantially justified given the dearth of case law concerning the scope of ERISA discovery. See Hawkins v. Arctic Slope Reg'l Corp., 344 F. Supp. 2d 1331, 1337 n.8 (noting dearth of case law); Miller v. Bank of Am. Corp., 401 F. Supp. 2d 1372, 1378 (N.D. Ga. 2005) (same).

## III.  CONCLUSION

The Court **GRANTS** Plaintiffs' motion to compel (doc. no. 53), **DENIES** Plaintiffs' request for attorney fees, and **ORDERS** Defendants to produce all disputed documents by October 11, 2016, and by the same deadline file under seal for *in camera* inspection all documents on its privilege log.

SO ORDERED this 12th day of September, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA