IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

WAYCROSS DIVISION

| | | |
|---|---|---|
| JAMES T. TAYLOR, JR. and TERESA HUTCHESON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 516-009 |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## **O R D E R**

Pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), Plaintiffs challenge a plan administrator's determination their decedent father never designated beneficiaries for a life insurance policy. Before the Court is Defendants' Motion to Strike Plaintiffs' Jury Demand, which the Court **GRANTS**. (Doc. no. 28.)

**I. BACKGROUND**

Plaintiffs are the only biological children of James T. Taylor, Sr., a retired employee of Sears Roebuck and Co. who died on September 25, 2013. (Doc. no. 13, Am. Compl. ¶¶ 1, 15; doc. no. 27, Answer ¶¶ 1, 15.) The decedent had a universal term life insurance policy with a value of $180,000 and a basic term life insurance policy with a value of $6,380. (Id. ¶ 22.) Defendant The Prudential Insurance Company of America ("Prudential") issued both policies through an Employee Welfare Benefit Plan ("Plan") sponsored and administered by

Sears Holding Corporation ("Sears") for retired employees of Sears Roebuck and Co. (Id. ¶¶ 15-20.) Prudential provided administrative services on behalf of Sears and made decisions regarding Plaintiffs' claims for Plan benefits. (Id. ¶ 26.)

Prudential determined the decedent designated Plaintiffs as the only beneficiaries of the basic policy and split between Plaintiffs the payout of $6,380. In contrast, Prudential determined the decedent failed to designate any beneficiaries of the universal policy and divided equally the payout of $180,000 among the four surviving children, *i.e.* Plaintiffs and two step-children. (Id.) Plaintiffs allege the decedent designated them as the only beneficiaries of both policies, and Prudential erred by including the step-children in the universal policy payout. (Id. ¶ 54-55.)

Plaintiffs originally filed this action challenging Prudential's determination in the Superior Court of Bacon County, and Defendants removed to this Court. (See generally doc. no. 1.) After removal, Plaintiffs filed an amended complaint seeking recovery of benefits under the decedent's ERISA plan and alleging breach of contract and breach of fiduciary duty. (Doc. no. 13, Am. Compl. ¶¶ 10, 64-81.) With agreement of the parties, the Court dismissed the breach of fiduciary duty claim. (See doc. nos. 29, 35, 60.)

Defendants move to strikePlaintiffs' demand for a jury trial, contending ERISA does not allow jury trials. (See generally doc. nos. 28, 39.) Plaintiffs argue the Seventh Amendment requires a jury trial because their claim under 29 U.S.C. § 1132(a)(1)(B) is a common-law breach of contract claim for monetary damages. (See generally doc. no. 34.) Plaintiffs also contend the Court should determine the applicable standard of review before determining whether a jury trial is appropriate. (See id. at 22-24.)

## II. DISCUSSION

This Court and many others within the Eleventh Circuit have long held there is no right to a jury trial in suits under ERISA because claims to recover plan benefits are equitable rather than legal. Rolland v. Textron, Inc., No. CV105-23, 2007 WL 2345245, at *6 (S.D. Ga. Aug. 13, 2007); see also Broaddus v. Fla. Power Corp., 145 F.3d 1283, 1287 n. ** (11th Cir. 1998); Stewart v. KHD Deutz of Am. Corp., 75 F.3d 1522, 1527 (11th Cir. 1996), *cert. denied*, 519 U.S. 930 (1996); Blake v. Unionmutual Stock Life Ins. Co. of Am., 906 F.2d 1525, 1526 (11th Cir. 1990); Chilton v. Savannah Foods & Indus., Inc., 814 F.2d 620, 623 (11th Cir. 1987); Howard v. Parisian, Inc., 807 F.2d 1560, 1566-67 (11th Cir. 1987). Nothing in this case warrants departure from this well-settled rule.

"The mere fact that the [plaintiff] would receive a monetary award if he prevailed does not compel the conclusion that he is entitled to a jury trial." Calamia v. Spivey, 632 F.2d 1235, 1236-37 (5th Cir. 1980)[1] (internal citations omitted). As the Eleventh Circuit explained in Blake:

> The nature of an action under section 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)] is for the enforcement of the ERISA plan. Although the plaintiffs assert that they are claiming money damages, in effect they are claiming the benefits they are allegedly entitled to under the plan. Although here the medical treatment has been completed so that a money judgment would satisfy their demands, if the claimant were still under treatment, only an order for continuing benefits would be sufficient. This is traditionally equitable relief so that the cases relied upon by the appellants are not applicable.

Blake, 906 F.2d at 1526 (internal citations omitted).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

As in Blake, Plaintiffs characterize their ERISA claim as one for breach of contract seeking money damages. However, they are in fact "claiming benefits they are allegedly entitled to under the plan," a form of equitable relief. Id. Furthermore, the medical benefits sought in Blake and the life insurance benefits sought here are indistinguishable for purposes of this ERISA analysis. Therefore, like the plaintiffs in Blake, Plaintiffs are not entitled to a jury trial because their claim under ERISA is equitable rather than legal, and the Seventh Amendment does not demand a different result. See Stewart, 75 F.3d at 1527 ("For purposes of Seventh Amendment analysis, ERISA has been interpreted as an equitable statute [and] no Seventh Amendment right to a jury trial exists in actions brought pursuant to ERISA.").

Finally, the standard of review is irrelevant. Whether under the arbitrary and capricious or the *de novo* standard, an ERISA claim is equitable and does not require a jury trial. See Blake, 906 F.2d at 1526 (rejecting plaintiffs' argument *de novo* standard of review converts equitable claim to breach of contract); see also Shaw v. Connecticut Gen. Life Ins. Co., 353 F.3d 1276, 1286 (11th Cir. 2003) (remanding case applying *de novo* standard for bench trial because jury trial not proper in ERISA cases). Plaintiffs' assertion the Court should determine the standard of review before ruling on Defendants' motion is incorrect.

Because Plaintiffs' claim arises under ERISA, they are not entitled to a jury trial and the Court **GRANTS** Defendants' Motion to Strike Jury Demand. (Doc. no. 28.)

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Strike Jury Demand. (Doc. no. 28.)

SO ORDERED this 21st day of November, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA